IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JESSICA MONROE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANDREW K. MONROE DECEASED, AND AS NEXT FRIEND OF K. MONROE AND L. MONROE, MINORS and SUSAN BRADEN INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL T. BRADEN, AND HEATHER BRADEN HATLEY, LOWELL BRADEN, AND FAYE BRADEN, INDIVIDUALLY<br><br>    Plaintiffs<br><br>vs.<br><br>CESSNA AIRCRAFT COMPANY and<br><br>    Defendant | CASE NO.  2:05CV250 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cessna Aircraft Company's ("Cessna") Motion to Certify and Brief in Support of Same (Docket No. 29).  For the reasons discussed below, the Court **DENIES** Cessna's Motion to Certify.

**BACKGROUND**

On July 8, 2003, a Cessna 172S model aircraft, Federal Aviation Administration ("FAA") registration number N166ME, crashed near McKinney, Texas killing the plane's two occupants, Andrew K. Monroe and Michael T. Braden.  It is undisputed that a bird struck the aircraft about ten minutes after take off.  According to Plaintiffs Jessica Monroe and Susan Braden ("Plaintiffs"), the

1

bird strike caused structural damage that in turn led to the crash of the aircraft. In August 2005, Plaintiffs filed this wrongful death and survivor action claiming Cessna was negligent for not providing sufficient warnings with regard to bird strikes and in-flight structural damage, for failing to design and manufacture the aircraft to reduce potential structural damage resulting from a bird strike, and for failing to design and manufacture the aircraft to mitigate the risk of landing with structural damage. Furthermore, Plaintiffs allege Cessna is liable under strict product liability for failing to adequately warn, failing to adequately instruct, and for inadequate design. Cessna filed a Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure "on the grounds that Congress preempted the entire field of aviation safety and that, as a matter of law, Plaintiffs cannot make claims against Cessna based on state tort law." On February 17, 2006, the Court issued a Memorandum Opinion and Order denying Cessna's motion to dismiss and holding that Plaintiffs' state causes of action were not preempted by the Federal Aviation Act.

Cessna urges the Court to modify its February 17, 2006 Order by certifying the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Pursuant to the Court's Docket Control Order, this case is currently set for trial on November 13, 2006.

## APPLICABLE LAW

28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

## ANALYSIS

Certification of appeal by a district court under 28 U.S.C. § 1292(b) is only appropriate when

there is a "controlling question of law" to which there is "substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." All three of these elements should be present before a court certifies an order for interlocutory appeal. Here, an immediate appeal would not materially advance the ultimate termination of this litigation. Accordingly, the Court does not address whether there is a "controlling question of law" or whether there is "substantial ground for difference of opinion."

Cessna argues that if the Court's February Order was appealed and the Fifth Circuit came to a different result than this Court did on the issue of preemption then the case would have to be dismissed on remand. Depending on the Fifth Circuit's ruling in such a situation, it is possible that Plaintiffs' strict product liability claims would be preempted and dismissed. However, at a minimum, Plaintiffs' negligence claims would still be valid. Cessna admits that reversal on the preemption issue by the Fifth Circuit would not necessarily invalidate Plaintiffs' negligence claims in their entirety. In fact, such a ruling would not eliminate the negligence claims but would require the application of a federal standard of care as opposed to a state standard of care. Such a change in the applicable standard would likely not require Plaintiffs to amend their Complaint and could be addressed in the Court's jury instructions. However, even if Plaintiffs had to amend their Complaint, Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend pleadings "shall be given freely when justice so requires." If necessary, Plaintiffs could be given the opportunity to amend their Complaint to assert their negligence claims in accordance with the Fifth Circuit's ruling. Accordingly, it is not likely that an interlocutory appeal would lead to the ultimate termination of this case.

Cessna further contends that, even if the case were not dismissed after a favorable ruling for Cessna on appeal, an interlocutory appeal would result in less of a delay than if the case were tried

without an appeal, then appealed, reversed, remanded, and then retried in light of a Fifth Circuit ruling. Cessna's argument is not persuasive. The case is set to go to trial in a little over seven months. If the Fifth Circuit chose to hear the appeal, an opinion would not likely be issued before the current trial date and would probably not be handed down for up to a year. Regardless of the Fifth Circuit's holding, the case would then have to be put back on this Court's trial docket, possibly delaying the trial for up to another year from the date of the Fifth Circuit's ruling. Under this scenario, the case might not get to trial for up two years or longer. Once the case was finally tried, appealable issues might still exist, which could lead to another appeal and remand.

However, if the case precedes to trial, it can be tried to final judgment within seven months. Depending on the outcome of the trial, the case could then be appealed on all issues that could arise from the case, including the field preemption issue, the application of the proper standard of care for the negligence claims, and the viability of the strict products liability claims. If the case is tried to final judgment in seven months, there is also a possibility that it will not be appealed by either party, which would bring about the ultimate termination of the litigation in less than a year. Moreover, the case should not take more than a couple of days to try and at least one appellate court has held that 28 U.S.C. § 1292(b) was not intended to authorize interlocutory appeals in personal injury type cases that can be disposed of in a few days of trial. *See Kraus v. Bd. of County Road Comm'rs for the County of Kent*, 364 F.2d 919, 922 (6th Cir. 1966).

Considering the fact that trial is closely approaching, a certification of appeal to the Fifth Circuit would not materially advance the ultimate termination of this litigation. Instead, an interlocutory appeal would likely delay the time required to bring the suit to its ultimate termination while increasing the parties' expenses. The possibility of such a delay when a case is close to trial

provides a strong reason for denying certification for interlocutory appeal. *See Baranski v. Serhant*, 602 F. Supp. 33, 36 (D.C. Ill. 1985)(citing 16 Wright & Miller, *Federal Practice and Procedure*, § 3930)

## CONCLUSION

For the reasons discussed above, an interlocutory appeal of the Court's February 17, 2006 Order would likely not materially advance the ultimate termination of this litigation. However, the ultimate termination of the case is likely to be advanced if the case proceeds to trial in seven months. Accordingly, the Court **DENIES** Cessna's Motion to Certify.

**So ORDERED and SIGNED this 9th day of May, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**