IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JESSICA MONROE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANDREW K. MONROE DECEASED, AND AS NEXT FRIEND OF K. MONROE AND L. MONROE, MINORS and SUSAN BRADEN INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL T. BRADEN, AND HEATHER BRADEN HATLEY, LOWELL BRADEN, AND FAYE BRADEN, INDIVIDUALLY<br><br>　　　Plaintiffs<br><br>vs.<br><br>CESSNA AIRCRAFT COMPANY and<br><br>　　　Defendant | § § § § § § § § § § § § § § § § § § § § | CASE NO. 2:05CV250 |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs Jessica Monroe and Susan Braden's ("Plaintiffs") Motion to Compel (Docket No. 35) and Defendant Cessna Aircraft Company's ("Cessna") Motion for Protective Order (Docket No. 37). For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Compel and **DENIES** Cessna's Motion for Protective Order.

**BACKGROUND**

On July 8, 2003, a Cessna 172S model aircraft, Federal Aviation Administration ("FAA") registration number N166ME, crashed near McKinney, Texas killing the plane's two occupants, Andrew K. Monroe and Michael T. Braden. It is undisputed that a bird struck the aircraft about ten

1

minutes after take off.  In August 2005, Plaintiffs filed this wrongful death and survivor action claiming Cessna was negligent for not providing sufficient warnings with regard to bird strikes and in flight structural damage, for failing to design and manufacture the aircraft to reduce potential structural damage resulting from a bird strike, and for failing to design and manufacture the aircraft to mitigate the risk of landing with structural damage.  Furthermore, Plaintiffs allege Cessna is liable under strict product liability for failing to adequately warn, failing to adequately instruct, and for inadequate design.

Pursuant to the Court's November 22, 2005 Discovery Order, Plaintiffs requested that Cessna identify and produce certain persons and documents related to bird strike testing performed by Cessna.  Specifically Plaintiffs requested the following: "Request No. 7:  The person and/or people responsible for and /or involved in any bird strike testing, analysis, studies, and/or data compilations performed by Cessna" and "Request No. 12: All documents, notes, correspondence, memoranda, e-mails, data compilations, results of studies, technical data, and other writings and information regarding any bird strike or bird related testing that Cessna has performed on its aircraft, including, but not limited to, the Cessna 172S."  Cessna objects to the requests claiming that the requested information is not relevant to the case or reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Cessna contends that it does not have any documents or data related to the Cessna 172S, the model of the aircraft at issue in this case, because no bird strike testing was ever preformed on that model.  Plaintiffs acknowledge that Cessna never performed bird strike testing on the Cessna 172S model and further offer to limit the scope of their request to bird strike testing related to the stabilizer sections of certain aircraft and testing performed on the Cessna model 208 aircraft.

Plaintiffs also served Cessna with a 30(b)(6) deposition notice requesting that Cessna

produce representatives to testify with respect to "bird strike testing performed by or on behalf of Cessna, for any model of aircraft designed, manufactured and/or marketed by Cessna" and concerning Cessna's relationship with the United States Air Force ("USFA") with regard to the T-41 and T-37 aircraft and programs related to those aircraft. Cessna filed a Motion for Protective Order arguing that Plaintiffs' 30(b)(6) deposition notice was overly broad and requested witnesses to testify on topics not relevant to the case. Furthermore, Cessna argues that no information related to the T-37 is relevant to the case.

## MOTION TO COMPEL

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Rule 26(b)(1) further states that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Local Rule CV-26(d) provides further guidance to counsel with regard to whether a particular piece of evidence is "relevant to the claim or defense of any party" and indicates that evidence is relevant if:

> (1) It includes information that would not support the disclosing parties' contentions; (2) It includes those persons who, if their potential testimony were know, might reasonably be expected to be deposed or called as a witness by any of the parties; (3) It is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

Accordingly, there is a liberal policy with regard to the information considered relevant for purposes of discovery.

Cessna argues that information requested by Plaintiffs is not relevant or reasonably calculated to lead to the discovery of admissible evidence because the request is directed to information that has no connection to the aircraft at issue in this case. Cessna contends that the only bird strike

3

testing conducted by Cessna is done on much larger jet engine aircraft that have very little similarity to the aircraft at issue in this case. Specifically, Cessna claims that the effect of bird strike testing on the stabilizers of jet aircraft has no relevance to how a bird strike would effect the wing of a smaller plane like the Cessna 172S. From the information before the Court, it is not possible for the Court to determine the technical difference in bird strike testing done on the stabilizer of a larger jet as opposed to the wing of smaller plane such as the Cessna 172S. However, it is likely that the information gained from bird strike tests performed on larger aircraft would have some relevance to the design and safety procedures implemented in smaller planes produced by Cessna. The documents and information requested by Plaintiffs could reasonably lead to the discovery of admissible evidence in this case.

To support its position that the requested information is irrelevant, Cessna repeatedly argues that the FAA does not require bird testing on aircraft like the 172S. This fact is insignificant to whether or not Cessna should produce testing information related to bird strike testing on other aircraft. If anything, it bolsters Plaintiffs' argument that it needs the requested test results to determine what Cessna knew with regard to the type and severity of damage bird strikes could cause to other types of aircraft where such testing is required and performed by Cessna. Cessna's argument is not persuasive.

Cessna further argues that the production of the requested information will be unduly burdensome because some of the records requested span a time period of over forty years and are located in closed storage, which would require manual recovery. Cessna argues that the burden on Cessna to produce these documents outweighs any relevance the information might have to the case. Even though Plaintiffs have limited the scope as to the content of their request, a time period spanning back over forty years seems excessive. Monroe should first review more recent

information and test data that is more readily accessible to Cessna before determining what, if any, of the older less accessible documents and information it needs.

Accordingly and for the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Compel and **ORDERS** the parties to meet and confer to determine a reasonable time frame from which Cessna will produce the requested documents so as to reduce the burden on Cessna for production of such documents.  If after the initial production of documents within the agreed reasonable time frame, Plaintiffs determine they need additional discovery on a more specific and directed issue from a date prior to the agreed time frame, Plaintiffs can make such a request at that time.  The Court further **ORDERS** the parties to split Cessna's costs associated with producing the requested documents at issue in this motion.

## MOTION FOR PROTECTIVE ORDER

Cessna argues that Plaintiffs' request for a 30(b)(6) witness with knowledge of any bird strike testing done by Cessna on any model of aircraft is too broad in scope and encompasses irrelevant information.  Cessna further argues that the request for a 30(b)(6) witness on the topic of the T-37 aircraft is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs have limited the scope of their request to documents and information related to the testing of the stabilizer sections of certain aircraft as well as any testing related to the Cessna 208 model.  To the extent that such documents exist and are produced, Plaintiffs are entitled to depose a corporate representative on these documents.  Furthermore, Plaintiffs are entitled to depose a corporate representative on the general topic of Cessna's bird strike testing and design and safety procedures related to the topic.  Such testimony could reasonably lead to the discovery of admissible evidence.

Cessna claims that information related to the T-37 is not relevant because it was a jet trainer

that was developed by the USAF in 1952 and was not produced by Cessna any later than 1973. Cessna argues that it did not publish the T-37 flight manual, "the apparent object of the deposition category," and claims that its contents were fully determined by the USAF. Plaintiffs contend that Cessna had personnel directly involved with the USAF related to the T-37 program and argues that these individuals acquired knowledge of the USAF's structural damage procedures related to the T-37, including those related to bird strikes. Although providing a corporate representative with knowledge on this topic may be difficult due to the dates of the project, Plaintiffs should be given the opportunity to explore, to the extent possible, the circumstances surrounding Cessna's involvement with the USFA's T-37 project and the information gained by Cessna as a result of that project. Such information might reasonably lead to the discovery of admissible evidence.

For the reasons discussed above, the Court **DENIES** Cessna's Motion for Protective Order. The Court **ORDERS** Cessna to produce a 30(b)(6) witness with knowledge of the documents produced in response to Plaintiffs' Motion to Compel and with general knowledge of Cessna's bird strikes. The Court further **ORDERS** Cessna to produce a 30(b)(6) witness with knowledge of the T-37 program, to the extent such a witness can reasonably be produced. If no such witness can be produced, the Court **ORDERS** Cessna to provide a declaration detailing its efforts to obtain information related to the topic and the reasons why it was unable to produce such a witness.

**So ORDERED and SIGNED this 12th day of June, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**