IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JESSICA MONROE and SUSAN BRADEN, et al. | § § § | |
| Plaintiffs | § § | CASE NO. 2:05-CV-250 |
| vs. | § § | |
| CESSNA AIRCRAFT COMPANY | § § | |
| Defendant | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cessna Aircraft Company's ("Cessna") Motion to Compel Mental Health Records (Docket No. 65). For the reasons discussed below, Cessna's motion is **DENIED** in part and **GRANTED** in part.

**ANALYSIS**

Cessna seeks to compel the production of all records regarding grief counseling and/or mental health treatment received by Susan Braden and Jessica Monroe ("Plaintiffs") as a result of the deaths of their respective husbands, Michael T. Braden and Andrew K. Monroe.

Because this is a diversity case, state law governs the issues of privilege and waiver. FED. R. EVID. 501; *see Jaffee v. Redmond*, 518 U.S. 1, 16 (1996). Therefore, the mental health records that qualify as privileged under Texas Rules of Evidence 509 and 510 are protected and not discoverable. The mental health records that do not qualify as privileged under Texas Rules of Evidence 509 and 510 are discoverable.

Cessna argues Plaintiffs have waived their mental health information and physician-patient

1

privilege by seeking recovery for mental anguish and grief. To waive the privilege a plaintiff must rely upon the mental condition as part of the claim or defense. TEX. R. EVID. 509(e)(4) & 510(d)(5). "A routine allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. The plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss." *Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988). Plaintiffs have not placed their mental condition into controversy and are only seeking damages for their emotional reactions to their husbands' deaths. Therefore, Plaintiffs did not waive their physician-patient privilege or confidentiality of their mental heath information by seeking recovery for mental anguish and grief.

## CONCLUSION

Cessna's request to compel mental health records is **DENIED** for records that qualify as privileged under Texas Rules of Evidence 509 and 510 and **GRANTED** for records that do not qualify as privileged under Texas Rules of Evidence 509 and 510. Further, the Court enters a protective order in favor of Plaintiffs for past or future mental health records that qualify as privileged under Texas Rules of Evidence 509 and 510.

**So ORDERED and SIGNED this 15th day of March, 2007.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**